# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| STEVEN CORNELISON, Individually and For Others Similarly Situated,<br><br>    Plaintiff,<br><br>              v.<br><br>SOUTHERN SYNERGY, INC.<br><br>    Defendant. | Collective Action<br><br>Case No. _____ |

## ORIGINAL COMPLAINT

## SUMMARY

1.     Plaintiff Steven Cornelison ("Cornelison") brings this lawsuit to recover unpaid overtime wages and other damages from Defendant Southern Synergy, Inc. ("Defendant") under the Fair Labor Standards Act (FLSA). *See* 29 U.S.C. § 201 *et seq.*

2.     Cornelison worked for the Defendant as a Senior Technical Specialist from approximately July 2012 through December 2019.

3.     Cornelison and the other similarly situated workers who worked for the Defendant in the last three years regularly worked more than 40 hours a week.

4.     However, these workers, including Cornelison, never received

overtime pay from the Defendant for the hours they worked in excess of 40 hours in a single workweek.

5. Instead of receiving overtime pay as required by the FLSA, Defendant paid Cornelison and other similarly situated workers straight time, with no overtime pay, no matter how many hours they worked.

6. Neither Cornelison, nor any other similarly situated workers received a guaranteed salary.

7. This collective action seeks to recover the unpaid overtime wages and other damages owed to Cornelison and other similarly situated workers.

## JURISDICTION & VENUE

8. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA. 29 U.S.C. § 216(b).

9. Venue is proper under 28 U.S.C. § 1391(b).

10. Defendant Southern Synergy, Inc. conducts substantial business operations in this District, including in Morgan County, Alabama and Decatur, Alabama.

11. Defendant Southern Synergy, Inc. is a domestic corporation that was founded in 2001 or 2002 as an Alabama corporation. Its headquarters are located in this District in Morgan County, Alabama in Decatur, Alabama and, more

specifically, at or near 17 Vine Street NW, Decatur, Alabama 35601.

12. Defendant Southern Synergy, Inc. maintains a listed registered agent for service of process in Alabama located at 445 East Moulton Street, Suite 206, Decatur, Alabama 35601 as indicated by the Alabama Secretary of State business entity database.

## PARTIES

13. Cornelison worked for the Defendant as a Senior Technical Specialist from approximately July 2012 until December 2019.

14. Throughout his employment with the Defendant, Cornelison worked in excess of 40 hours per week with no overtime compensation.

15. Cornelison's relationship with the Defendant was an employer/employee relationship.

16. Cornelison's written consent is attached as Exhibit 1 to this Complaint.

17. Cornelison brings this action on behalf of himself and all other similarly situated workers who worked more than 40 hours per week and did not receive overtime compensation.

18. Although these workers regularly worked more than 40 hours each week, Defendant paid these workers only straight time compensation for the hours they worked in excess of 40 each week, and did not pay the workers overtime

3

compensation, in violation of the FLSA.

19.     The collective of similarly situated employees or Putative Class Members sought to be certified is defined as follows:

> **All hourly workers employed by, or working on behalf of, Defendant Southern Synergy, Inc. who worked in excess of 40 hours per week and were denied or not paid overtime compensation any time during the past three (3) years** (the Putative Class Members).

20.     The Putative Class Members are easily ascertainable from the Defendant's business and personnel records.

21.     Defendant Southern Synergy, Inc. is an Alabama corporation and may be served by serving its registered agent for service of process, **Roberta K. Harbin, 445 East Moulton Street, Suite 206, Decatur, AL 35601**, or wherever it may be found.

## COVERAGE UNDER THE FLSA

22.     At all relevant times, the Defendant has been an employer within the meaning of Section 3(d) of the FLSA. 29 U.S.C. § 203(d).

23.     At all relevant times, the Defendant has been an enterprise within the meaning of Section 3(r) of the FLSA. 29 U.S.C. § 203(r).

24.     At all relevant times, the Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1). At all relevant times, the

Defendant has and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials – such as tools, cell phones, and equipment - that have been moved in or produced for commerce.

25. In each of the last three years, the Defendant has had annual gross volume of sales made or business done of at least $1,000,000.

26. At all relevant times, Cornelison and the Putative Class Members were engaged in commerce or in the production of goods for commerce.

27. Cornelison and the Putative Class Members are or were employees of Defendant Southern Synergy, Inc.

28. Defendant's failure to pay overtime compensation for weeks in which these workers, including Cornelison, work over 40 hours is, in and of itself, a violation of the FLSA. 29 U.S.C. § 207(a) & (e).

## FACTUAL ALLEGATIONS

29. To provide services, Defendant Southern Synergy, Inc. hired personnel (like Cornelison) to work on its behalf, including Technical Specialists.

30. During the relevant period, these workers regularly worked for Defendant in excess of 40 hours a week for weeks at a time.

31. During the relevant period, these workers were not paid overtime for the hours they worked for Defendant in excess of 40 hours each week.

32. These workers make up the proposed collective or Putative Class.

33. While exact job titles and job duties may differ, Defendant subjected these workers to the same or similar illegal and unlawful pay practices for similar work.

34. For example, Cornelison worked for Defendant as a Senior Technical Specialist from approximately July 2012 to December 2019 in Trinity, Alabama.

35. Cornelison reported directly to Defendant's management-level employees.

36. Throughout his employment with Defendant, Cornelison regularly worked more than 40 hours each week without receiving overtime compensation.

37. For example, from October 21, 2019 to November 3, 2019, Cornelison worked 173 hours and did not receive any overtime compensation.

38. Cornelison's relationship with Defendant was clearly one of an employer/employee.

39. The Putative Class Members performed the same general job duties performed by Cornelison.

40. The Putative Class Members worked the same or similar schedule worked by Cornelison, regularly working more than 60 hours each week. Cornelison's work schedule is typical of the Putative Class Members.

41. Cornelison and the Putative Class Members never received a salary.

42. If Cornelison and the Putative Class Members did not work in a week, they did not receive a guaranteed amount of at least $455.

43. Cornelison and the Putative Class Members received a straight time rate of pay, and were not paid any overtime pay or at any overtime rate, regardless of the number of hours or days they worked in a week, even if they worked more than 40 hours in a workweek.

44. Without the job performed by Cornelison and the Putative Class Members, Defendant would not have been able to complete its business objectives.

45. Cornelison and the Putative Class Members were economically dependent on Defendant and relied on Defendant for work and compensation.

46. Defendant determined the amount and type of compensation paid to Cornelison and the Putative Class Members.

47. Defendant's records reflect the fact that Cornelison and the Putative Class Members regularly worked far in excess of 40 hours per week.

48. Cornelison and the Putative Class Members did not receive overtime pay and/or were not paid at an overtime rate for hours worked in excess of 40 hours in any of those weeks.

49. All of the Putative Class Members worked similar hours and were denied and/or not paid overtime as a result of the same illegal and unlawful pay practices observed by Defendant Southern Synergy, Inc.

50. All of the Putative Class Members worked in excess of 40 hours each week.

51. Defendant uniformly denied, refused, and/or failed to pay Cornelison and the Putative Class Members overtime for the hours they worked in excess of 40 hours in a single workweek.

52. Cornelison and the Putative Class Members were not employed on a salary basis.

53. Cornelison and the Putative Class Members did not, and never did, receive guaranteed weekly compensation of at least $455 irrespective of days worked (i.e., the only compensation they received was the straight time rate they were assigned for all hours worked in a single day or week).

54. Defendant's pay policy violated the FLSA because it deprived Cornelison and the Putative Class Members of overtime for the hours they worked in excess of 40 hours in a single workweek.

55. Defendant knew that Cornelison and the Putative Class Members worked more than 40 hours in a week on multiple occasions.

56. Defendant knew, or showed reckless disregard for whether, Cornelison and the Putative Class Members were not exempt from the FLSA's overtime provisions.

57. Nonetheless, Cornelison and the Putative Class Members were not

paid overtime.

58. Defendant knew, or showed reckless disregard for whether, the conduct described in this Complaint violated the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

59. Cornelison brings this claim as a collective action under the FLSA.

60. The Putative Class Members were victimized by Defendant's pattern, practice, and/or policy which was in willful violation of the FLSA.

61. Other Putative Class Members worked with Cornelison and indicated they were paid in the same manner (that is, they did not receive overtime for hours they worked in excess of 40 hours in any given workweek) and performed similar work.

62. Based on his experiences with Defendant, Cornelison is aware that Defendant's illegal and unlawful practices were imposed on the Putative Class Members.

63. The Putative Class Members are similarly situated in all relevant respects.

64. The Putative Class Members are blue-collar workers.

65. Even if their precise job duties might vary somewhat, these differences do not matter for the purposes of determining their entitlement to overtime compensation.

66. The illegal and unlawful pay policy that Defendant imposed on Cornelison was likewise imposed on all Putative Class Members.

67. Numerous individuals were victimized by this pattern, practice, and policy which was in willful violation of the FLSA.

68. The Putative Class Members were similarly denied, refused, and/or not paid overtime when they worked more than 40 hours per week.

69. The overtime owed to Cornelison and the Putative Class Members will be calculated using the same records and using the same formula.

70. Cornelison's experiences are therefore typical of the experiences of the Putative Class Members.

71. The specific job titles or precise job locations of the various members of the Putative Class do not prevent collective treatment.

72. Cornelison has no interest contrary to, or in conflict with, the Putative Class Members that would prevent class or collective treatment.

73. Like each Putative Class Member, Cornelison has an interest in obtaining the unpaid overtime wages owed to him under federal law.

74. A collective action, such as the instant one, is superior to other available means for fair, efficient, and consistent adjudication of the lawsuit.

75. Absent a collective action, many Putative Class Members will not obtain redress of their injuries, and Defendant Southern Synergy, Inc. will reap the

unjust benefits of violating the FLSA.

76. Further, even if some of the Putative Class Members could afford individual litigation against Defendant, it would be unduly burdensome to the judicial system.

77. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the Putative Class Members, as well as provide judicial consistency.

78. The questions of law and fact that are common to each Putative Class Member predominate over any questions affecting solely the individual members.

79. Among the common questions of law and fact are:

    a. Whether Defendant employed the Putative Class Members within the meaning of the FLSA;

    b. Whether Defendant's decision to not pay overtime compensation to these workers was made in good faith;

    c. Whether Defendant's violation of the FLSA was willful; and

    d. Whether Defendant's illegal and unlawful pay practices applied to the Putative Class Members.

80. Cornelison and the Putative Class Members sustained damages arising out of Defendant's illegal, unlawful, and uniform employment policy.

81. Cornelison knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a collective action.

82. Even if the issue of damages were somewhat individualized in character, the damages can be calculated by reference to Defendant's records, and there is no detraction from the common nucleus of liability facts. Therefore, this issue does not preclude collective treatment.

83. Defendant is liable under the FLSA for failing to pay overtime to Cornelison and the Putative Class Members.

84. Consistent with Defendant's illegal and unlawful day-rate or straight-time rate policy, Cornelison and the Putative Class Members were not paid the proper premium overtime compensation when they worked more than 40 hours in a workweek.

85. As part of its regular business practices, Defendant intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to compensating Cornelison and the Putative Class Members.

86. Defendant's illegal and unlawful pay policy deprived Cornelison and the Putative Class Members of the premium overtime wages they were owed under federal law.

87. Defendant was aware, or should have been aware, that the FLSA required it to pay Cornelison and the Putative Class Members overtime premiums for all hours worked in excess of 40 hours per workweek.

88. There are many similarly situated Putative Class Members who have been denied, refused, or not paid overtime pay in violation of the FLSA who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it.

89. This notice should be sent to the Putative Class Members pursuant to 29 U.S.C. § 216(b).

90. Those similarly situated employees are known to Defendant, are readily identifiable, and can be located through Defendant's records.

## CAUSE OF ACTION

## VIOLATION OF THE FLSA

91. Cornelison realleges and incorporates by reference all allegations in the preceding paragraphs of this Complaint.

92. Cornelison brings his FLSA claim as a collective action under 29 U.S.C. § 216(b).

93. Defendant Southern Synergy, Inc. violated, and is violating, the FLSA by failing to pay Cornelison and the Putative Class Members overtime for hours/time worked in excess of 40 hours in a workweek.

94. Cornelison and the Putative Class Members were Defendant's employees for purposes of the FLSA overtime requirements.

95. Defendant was Cornelison's and the Putative Class Members'

employer under the FLSA. Defendant suffered, allowed, or permitted Cornelison and the Putative Class Members to work for or on its behalf during the relevant period.

96. Defendant cannot meet its burden to demonstrate that Cornelison and the Putative Class Members are exempt from overtime under the administrative exemption.

97. Defendant cannot meet its burden to demonstrate that Cornelison and the Putative Class Members are exempt from overtime under the executive exemption.

98. Defendant cannot meet its burden to demonstrate that Cornelison and the Putative Class Members are exempt from overtime under the professional exemption.

99. Defendant cannot meet its burden to demonstrate that Cornelison and the Putative Class Members are exempt from overtime under the highly compensated exemption.

100. Defendant failed to and/or did not guarantee Cornelison and the Putative Class Members a salary.

101. Defendant refused and/or failed to pay Cornelison and the Putative Class Members overtime.

102. Defendant knowingly, willfully, or in reckless disregard carried out

this illegal and unlawful pattern and/or practice of refusing and/or failing to pay Cornelison and the Putative Class Members overtime compensation.

103. Defendant's failure to pay overtime compensation to these employees was neither reasonable, nor was the decision not to pay overtime made in good faith.

104. Accordingly, Plaintiff Steven Cornelison and the Putative Class Members are entitled to overtime wages under the FLSA in an amount equal to 1.5 times their rate of pay for all hours worked in excess of 40 hours per week, plus liquidated damages, attorney fees, and costs.

## PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff Steven Cornelison, individually, and on behalf of the Putative Class Members, demands judgment against Defendant Southern Synergy, Inc. and respectfully requests that this Honorable Court grant the following relief:

    a. An Order designating this lawsuit as a collective action and authorizing notice pursuant to 29 U.S.C. § 216(b) to the Putative Class Members to permit them to join this action by filing a written notice of consent;

    b. A judgment against Defendant Southern Synergy, Inc. awarding Plaintiff Steven Cornelison and the Putative Members all their

    unpaid overtime compensation and an additional amount of damages equal to all unpaid overtime compensation as liquidated damages;

c. Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under the FLSA;

d. An Order awarding attorneys' fees, costs, and expenses;

e. Pre-judgment and post-judgment interest at the highest applicable rates; and

f. Such other and further relief as may be necessary and appropriate under applicable law and in the Court's discretion.

Respectfully submitted,

/s/ *Nathan C. VanDerVeer*
Nathan C. VanDerVeer (asb-7794-a63v)
Justin C. Owen (asb-9718-i360)
Goldasich, Vick & Fulk
2100 3rd Avenue North, Suite 400
Birmingham, AL 35203
Telephone: (205) 731-2566
Fax: (205) 731-9451
Email: nate@golaw.net
      justin@golaw.net

/s/ *Gabriel A. Assaad*
Gabriel A. Assaad (*pro hac vice* to be filed)
McDonald Worley, PC
1770 St. James Street, Suite 100
Houston, TX 77056
Telephone: (713) 523-5500
Fax: (713) 523-5501
Email: gassaad@mcdonaldworley.com

**DEFENDANTS TO BE SERVED PROCESS IMMEDIATELY PURSUANT TO FED. R. CIV. P. 4:**

**Southern Synergy, Inc.**
**c/o Roberta K. Harbin**
**445 East Moulton Street, Suite 206**
**Decatur, AL 35601**